**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JACK C. DALLAS, | ) | CASE NO. 1:13-CV-00591 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | MAGISTRATE JUDGE GREG WHITE |
| Defendant. | ) ) | **ORDER** |

Plaintiff Jack C. Dallas ("Dallas"), through counsel Kirk B. Roose ("Roose"), filed an application for payment of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 25.) The Acting Commissioner of Social Security ("Commissioner") filed a response on April 4, 2014, and Dallas replied on April 21, 2014.[1] (ECF Nos. 28 & 29.) For the reasons stated below, Dallas's application for attorney fees (ECF No. 25) and supplemental application for attorney fees (ECF No. 29) are GRANTED in part and DENIED in part.

**A. Procedural History**

On December 16, 2013, the Court remanded this matter for further proceedings. (ECF Nos. 23 & 24.) Thereafter, Dallas filed a motion for attorney fees pursuant to the EAJA requesting fees in the amount of $6,323.60. (ECF No. 25.) This sum includes $6,133.60 for

---

[1] In his reply, Dallas made a supplemental application for EAJA fees associated with the time spent crafting the reply.

32.8 hours of work performed by Roose – a rate of $187.00 per hour. *Id*. It also includes $190 for 3.8 hours of work performed by Roose's appellate assistant – a rate of $50 per hour. *Id*. After submitting a reply in response to the Commissioner's opposition, Dallas filed a supplemental application for attorney fees requesting an additional award of $1,870.00 for fees in connection with that reply. (ECF No. 29.) This sum represents an additional 10 hours of attorney fees billed at a rate of $187.00 per hour. *Id*.

### B. Prevailing Party Status and Substantial Justification

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004), *quoting Scarborough v. Principi*, 504 U.S. 401, 124 S.Ct. 1856, 1860 (2004); *see also* 28 U.S.C. § 2412(d)(1)(A). The party seeking attorney's fees bears the burden of proving that he is an eligible and prevailing party, while the Commissioner must prove that the government's position was "substantially justified." It is undisputed that Dallas is an eligible and prevailing party, as the Commissioner has not argued that her litigation position was substantially justified. (ECF No. 28.)

### C. Evidence Supporting an Increase in the Hourly Rate of Attorney Fees

Attorney Roose requests an hourly rate of $187.00, and urges the Court to utilize the national consumer price index ("CPI"). (ECF No. 29 at 8-9.) Under the EAJA, the amount of attorney fees awarded shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ". . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Dallas has submitted the following evidence which he believes demonstrates that an upward departure from the statutory cap is warranted:

(1) Declaration of Dianne R. Newman, a Social Security attorney since 1982

2

        in the northern Ohio area. (ECF No. 25-4 at ¶5) One-hundred percent of her practice consists of Social Security law, of which seventy-five percent focuses on appellate Social Security law. *Id* at ¶3. She declared that a rate of less than $200 per hour would be lower than the prevailing rates "in the Cleveland area for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. at ¶13.

(2)    Affidavit of Marcia Margolius, an attorney practicing for twenty-five years primarily in Social Security law in the northern and southern districts of Ohio. (ECF No. 25-5 at ¶¶1-2.) She only requests $125 per hour in EAJA applications, but does so for the sake of expediency and to avoid further litigation over fees. *Id*. at ¶5. She opined that based on the kind and quality of Roose's services, the prevailing hourly rate for his services should exceed $175 to $200 per hour.[2] *Id*. at ¶10.

(3)    Declaration of Bradley J. Davis, an attorney who represented a successful social security claimant. (ECF No. 25-6 at ¶¶1-2.) He states that he requested $125 per hour in a subsequent fee application to avoid the additional time and research necessary to demonstrate a higher rate reflects the prevailing market rate. *Id*. at ¶4.

(4)    The Ohio State Bar Association's profile of 2010 attorney hourly billing rates by both location and practice classification, including administrative law, showing hourly rates over $125.[3] (ECF No. 25-8.)

(5)    The Survey of Law Firm Economics, 2011 edition, by The National Law Journal and ALM Legal Intelligence showing the trend comparison of expenses in law firms as compared to the Consumer Price Index during the relevant time period. (ECF No. 25-9 at 9-10.) It also shows the trend comparison of average billing rates.[4] *Id*. at 11-24.

(6)    The Consumer Price Index - All Urban Consumers for legal services from 1996 until May of 2012.[5] (ECF No. 25-11.)

In support of the request for a rate of $187.00 per hour, Dallas has demonstrated that: (1) increases in law firm expenses in the relevant time frame have outpaced cost-of-living increases;

---

[2] It bears noting that counsel Margolius, before this Court, requested and received a greater rate of $180.54 per hour – a rate that the Commissioner did not challenge. *See Conley v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 90510 at *10 (N.D. Ohio, Mar. 15, 2013).

[3] In the area of administrative law, the mean is $203 per hour, while the median is $180. (ECF No. 25-8 at 3.)

[4] The average hourly billing rate for an attorney in practice 21-30 years in the area of administrative law is $419, while the median is $425. (ECF No. 23-5 at 24.)

[5] The purpose of this exhibit is unclear. On its own, it does not offer any insight as to whether inflation in legal services outpaced inflation in general.

3

(2) that the requested fee is less than or comparable to both the average and median rates in Ohio with respect to administrative law practice; and, (3) several attorneys who practice primarily or exclusively in social security law agree that prevailing hourly rates in this field exceed $200. In the recent past, this Court has repeatedly found that an upward departure from the statutory cap is justified based on identical evidence, or in some cases less evidence, as presented herein. *See, e.g., Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797 (N.D. Ohio 2013); *Coy v. Astrue*, 2013 U.S. Dist. LEXIS 50328 (N.D. Ohio, Apr. 8, 2013); *Mohr v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 18728 (N.D. Ohio, Fe. 12, 2013); *Vasquez v. Astrue*, 2012 U.S. Dist. LEXIS 118588 (N.D. Ohio, Aug. 22, 2012).

Nevertheless, the Commissioner rehashes an old argument based on *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009), and asserts that the evidentiary materials Dallas presented do not demonstrate the prevailing rates for legal services of the kind and quality rendered in social security cases in the Northern District of Ohio. (ECF No. 28.) The Commissioner's position in these cases is perplexing. After repeatedly challenging increases in the statutory cap based on *Bryant* with limited success, the Commissioner for a time refrained from such arguments. *See, e.g., Hughley v. Comm'r of Soc. Sec.*, 3:11-cv-158 (N.D. Ohio) (attorney Roose requested a rate of $180.59 per hour for his services to which the Commissioner did not object) (ECF Nos. 20 & 23.) Furthermore, it does not appear that the Commissioner has appealed those cases wherein her position was rejected. The Commissioner, nonetheless, cites two recent decisions of the Northern District of Ohio that post-date this Court's most recent decision on the issue. (ECF No. 28 at 4-5.) In *Piporo v. Comm'r of Soc. Sec.*, 2013 WL 3006958, the court rejected an increase in the hourly rate based on similar though not identical materials. The *Piporo* court found that the evidence offered was insufficient because it was not specific to the prevailing rate for social security practitioners in particular. 2013 WL 3006958 (N.D. Ohio, Jun. 12, 2013) (Wells, J.); *accord Hakkarainen ex rel. Blanton v. Comm'r of Soc. Sec.*, 2013 WL 2950529 (N.D. Ohio, Jun. 11, 2013) (Wells, J.) The evidence offered here, however, is sufficiently specific as the affidavits of several attorneys specializing in the area of social security law support that the hourly rates charged exceed or are comparable to the inflation

4

adjusted rates.

While the Court recognizes that a division may exist in the Northern District as to what level of evidence is required to satisfy the *Bryant* standard, it bears noting that at least one decision of this Court provides that the *Bryant* decision does not require more than a reference to the CPI. *See Elson v. Comm'r of Soc. Sec.*, No. 3:11-cv-183 at n.2 (N.D Ohio, Aug. 7, 2012) (Carr, J.) ("The [*Bryant*] court did not rule that as a matter of law that a judge's reliance on CPI is an abuse of discretion. Rather, the court merely stated that the district judge did not abuse his discretion by rejecting an increase under those circumstances.") While this Court does not necessarily agree with *Elson*, the *Bryant* decision did not delineate what kind of evidence could be used to justify an increase in the statutory cap. While it would be ideal if a survey existed that set forth the hourly rates of attorneys engaged in social security appellate practice in the Northern District, it does not appear that such a survey has been undertaken as the Court is unaware of any party ever citing such a source. The Court, however, believes that an upward departure from the statutory cap can be sufficiently demonstrated utilizing a combination of evidentiary sources as Dallas has herein.

### D. The Appropriate Hourly Rate

Attorney Roose requests an hourly rate of $187.00, and asks the Court to utilize the national consumer price index rather the "Midwest Urban" CPI the Court has used in the past. *See, e.g., Mohr v. Comm'r of Soc. Sec.*, 2013 WL 557176 (N.D. Ohio Feb. 12, 2013), *Vasquez,* 2012 WL 3637676; *Jaworski v. Astrue,* 2012 WL 3552634; *Killings v. Comm'r of the SSA*, 2009 U.S. Dist. LEXIS 108524 (N.D. Ohio, Oct. 8, 2009). Roose has previously asked this Court to reconsider using the Midwest Urban CPI based on the finding in *Elson*, No. 3:11-cv-183 at n.2 ("Because the statutory rate is fixed for all areas of the nation, logic dictates that I use the national CPI figure to maintain the uniformity Congress intended.") (Carr, J.)

Here, Dallas asserts that the Commissioner has advocated for using a national CPI in areas where the local rate of inflation exceeded the national rate. (ECF No. 29 at 8-9.) This argument merely highlights the fact that employing a more localized CPI is appropriate, because utilizing the national CPI would overstate inflation in some areas while understating it in others.

5

Therefore, the Court continues to believe that utilizing a localized CPI is more consistent with the *Bryant* decision, which observed that requested fee rates should be "in line with those ***prevailing in the community*** for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d 443, 450 (6th Cir. 2009) (emphasis added) (*quoting Blum v. Stenson*, 465 U.S. 886, 894 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *see also Killings v. Colvin*, 2013 WL 1455818 at *5 (N.D. Ohio Apr. 9, 2013) (acknowledging a split among the courts, but agreeing that "the 'Midwest' CPI appears to be the more appropriate measure of the increase in the cost of living for purposes of EAJA"); *Rodriguez v. Astrue*, 3:11–cv–00398 (N.D. Ohio, July 16, 2012) (finding the Midwest CPI more appropriate than the U.S. City Average CPI); *cf. Ralston v. Astrue*, 2011 WL 7299836 (E.D. Mich. Aug. 30, 2011) (finding that the relevant market for calculating attorneys fees for a court sitting in the eastern District of Michigan is the Detroit market and utilizing the U.S. Department of Labor's CPI–U for the Detroit–Ann Arbor–Flint area.)

Conversely, the Commissioner argues that the Court should use the CPI for the Cleveland-Akron area. (ECF No. 28 at n. 2.) This argument is not without its logic, and is a more reasonable approach than utilizing the national CPI.[6] Nonetheless, this Court will continue to use the Midwest Urban CPI as not all of the social security attorneys who practice in the Northern District of Ohio necessarily practice in the Cleveland-Akron area. Utilizing the "Midwest Urban" CPI for "All Items" for "All Urban Consumers," the index for March of 1996 was 151.7.[7] (Series Id: CUUR0200SA0, CUUS0200SA0) The second half index for 2013, when most of the attorney services were performed, was 222.381. *Id*. Given these figures, the

---

[6] In *Lanken v. Comm'r of Soc. Sec.*, No. 5:11-cv-2607, 2013 U.S. Dist. LEXIS 8370 (N.D. Ohio Jan. 22, 2013) (Pearson, J.), plaintiff's counsel submitted a request for an increased hourly rate based on the Cleveland-Akron CPI, which the District Judge approved.

[7] The Court utilizes March 1996 as the starting date in its calculations when Congress raised the EAJA cap to $125. The above CPI-U figures are from the web page of the Bureau of Labor Statistics and are not seasonally adjusted, http://data.bls.gov.

6

appropriate hourly rate, using $125 as a base, would be $183.24 per hour.[8]

### E. Number of Hours Requested

The Commissioner also objects to the number of hours requested by Dallas and argues that the total numbers of hours should be reduced by 8.2. (ECF No. 28 at 7.) The Court must review Dallas's fee application to determine whether the requested hours are reasonable. *See* 28 U.S.C. § 2412(d)(1)(A), (B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Courts are obligated to prune unnecessary hours from fee petitions because, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

The primary rationale behind the Commissioner's argument is that the Court addressed only one of Dallas's arguments, finding a remand necessary for a violation of the treating physician rule. (ECF No. 28 at 7.) The Commissioner, however, has not argued that any of Dallas's other arguments were frivolous or raised in bad faith. While a court might expect counsel to winnow out weaker arguments in favor of stronger ones, counsel cannot be expected to predict which argument will ultimately be most persuasive. Moreover, the Commissioner cites no authority for the proposition that time spent on losing arguments or on arguments that were not addressed by the Court are not compensable under the EAJA.

The Commissioner also challenges a total of thirty minutes of attorney Roose's review of the docket, occurring mostly in six minute increments. *Id.* It is not unreasonable for a diligent attorney to spend a few minutes reviewing the electronic notice of documents filed with the Court. Nonetheless, this Court has reduced such hours in the past. *See, e.g., Mischka v. Astrue*, 2010 U.S. Dist. LEXIS 130774, 6-7 (N.D. Ohio, Nov. 29, 2010) (spending six minutes reviewing the most basic docket entries, such as motions for extension of time and returns of service, is excessive, especially when one considers the cumulative effect of such billings) Here, a total of

---

[8] 151.7 is to 222.381, as $125 is to x, resulting in x equaling $183.24. Notably, there is not a vast difference between this rate and the Cleveland-Akron area CPI, which would yield an hourly rate of $180.57. (CUURA210SA0, CUUSA210SA0.)

thirty minutes over the course of the case is not excessive.

The Court finds that no reduction in the number of hours requested is justified. As such, Dallas is awarded attorney fees for all 32.8 hours requested at the reduced rate of $183.24 per hour.

### F. Work Performed by a Legal Assistant and Expenses

Dallas also requests $190 for 3.8 hours of work performed by Roose's appellate assistant – a rate of $50 per hour. (ECF No. 25.) The Commissioner argues that the rate for such services should be limited to $40 per hour. (ECF No. 28 at n. 1.)

Attorney Roose has repeatedly sought a twenty-five (25) percent increase for the services of his appellate assistant. This Court has rejected such an increase, as have numerous other decisions of this District. *See, e.g., Jeffries v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 49019 (N.D. Ohio Apr. 9, 2014) ("$40.00 rather than $50.00 is a reasonable fee for work performed by the appellate assistant."); *English v. Comm'r of Soc. Sec.*, No. 1:11-CV-2794 (N.D. Ohio August 31, 2012) (J. Adams) (finding $40.00 to be a reasonable fee for appellate assistant time); *De Nunez v. Comm'r of Soc. Sec.*, No. 1:11-CV-2285, 2013 U.S. Dist. LEXIS 863, 2013 WL 60429at *3 (N.D. Ohio January 3, 2013), (J. Adams) (same); *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 804-05 (N.D. Ohio 2013) (same); *Montanez v. Comm'r of Soc. Sec.*, No. 1:11-CV-02475, 2013 U.S. Dist. LEXIS 166273, 2013 WL 6175651, at *3 (N.D. Ohio November 22, 2013) (same). Dallas has not provided this Court with any compelling reason to alter the hourly rate and any compensable hours will be limited to $40 per hour.[9]

The Commissioner asserts that the assistant should not be compensated for 2.0 hours spent preparing an outline and some language for Dallas's brief and fact sheet, because the assistant is not a lawyer. (ECF No. 28 at 7-8.) Courts in this Circuit have frequently awarded EAJA fees for the services of a paralegal or legal assistant. *See, e.g., Rhoads v. Comm'r of Soc.*

---

[9] Dallas's reliance on *Ramos v. Comm'r of Soc. Sec.*, 1:10:cv-01731 is disingenuous. Therein, the plaintiff was awarded the fees and rates requested because the Commissioner neglected to file a response to the EAJA application. The court never engaged in any discussion as to whether the rates or amounts requested were reasonable.

*Sec.*, 2012 U.S. Dist. LEXIS 7252 (W.D. Mich., Jan. 6, 2012) ("Plaintiff is also entitled to recover the reasonable cost for legal assistant or paralegal services."); *Gilbert v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 71809 (E.D. Mich., May 23, 2012). However, "purely clerical or secretarial tasks should not be billed" under fee shifting statutes, "regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *accord Snyder v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 2077 (S.D. Ohio, Jan. 10, 2011). "Notwithstanding the prohibition against compensation for secretarial or overhead costs, work done by non-attorneys such as paralegals or law clerks, may be compensable under the EAJA if the work is 'sufficiently complex' or work 'traditionally performed by attorneys.'" *Snyder*, 2011 U.S. Dist. LEXIS 2077 at \*\*4-5. Furthermore, "Excluding compensation for work done by paralegals or law clerks would be counterproductive because excluding reimbursement for such work might encourage attorneys to handle entire cases themselves, thereby achieving the same results at a higher overall cost." *Id*.

For these reasons, the Court finds the 3.8 hours of work performed by the administrative assistant is reasonable and compensable at a rate of $40 per hour for a total of $152.

### F. Fees Associated With Preparation of a Reply

Dallas also requests an additional award of $1,870.00 for preparing the reply to the Commissioner's brief opposing the EAJA application. (ECF No. 29.) This sum represents 10.0 hours at the rate of $187.00. The time expended upon fee applications and on reply briefs in response to the Commissioner's opposition to such an application is recoverable.

> A court may compensate a claimant for the value of attorney services rendered in defending the propriety of an EAJA award, including a reply brief and supplemental application. *See Rodriguez v. Astrue*, No. 3:11-cv-398, 2012 U.S. Dist. LEXIS 98046, 2012 WL 2905928, at \*6 (N.D. Ohio July 16, 2012), citing *Spurlock v. Sullivan*, 790 F.Supp. 979, 982 (N.D.Cal.1992) (citing *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990)). A claimant need not prove and a court need not find a second "substantial justification" before awarding EAJA fees for the EAJA fee litigation itself. *Jean*, 496 U.S. 154, 159-160, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). "[A]n award of attorney fees under the EAJA should encompass not only the fees incurred in the litigation on the merits, but also the fees incurred by the prevailing party in protecting that fee award in subsequent litigation by the government over the propriety or amount of the EAJA fee award, even if the position taken by the government in opposing the fee award is substantially justified." *Spurlock*, 790 F.Supp. at 982, citing *Jean*, 496 U.S. at 165.

9

*Baker v. Colvin*, 2013 U.S. Dist. LEXIS 41426 at *3 (N.D. Ohio Mar. 25, 2013). Here, the Commissioner has invited this expenditure by resurrecting its argument that the evidence offered was insufficient to support an upwards departure from the statutory cap. The Court finds the hours expended on the reply reasonable, but applies the Midwest Urban CPI rate – $183.24 per hour. Thus an additional award of $1,832.40 is appropriate.

### G. Payment

In the instant matter, an agreement which shows that on June 24, 2010, Dallas consented to have all EAJA fees paid to counsel is attached to the application. (ECF No. 25-14.) In accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), any fees paid belong to Dallas – not his attorney – and can be offset to satisfy preexisting debt that he may owe the United States. If Dallas has no outstanding federal debt, the Commissioner should honor the assignment of attorney fees and make the check payable to counsel.

### H. Conclusion

Dallas's application for attorney fees (ECF No. 25) and supplemental application for attorney fees (ECF No. 29) are GRANTED in part and DENIED in part. Specifically, Roose, through Dallas, is awarded $7,842.67 for 42.8 hours of work and $152.00 for the services of the appellate assistant – an aggregate sum of $7,994.67.

s/ Greg White<br>United States Magistrate Judge

Dated: <u>May 2, 2014</u>